ASH

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Svetlana Lavreniuk,<br><br>    Petitioner,<br><br>v.<br><br>David R. Rivas, et al.,<br><br>    Respondents. | No. CV-26-00424-PHX-DJH (DMF)<br><br>**ORDER** |

On January 23, 2026, Petitioner filed a Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus seeking release from immigration detention. (Doc. 1). Therein, Petitioner avowed that she was ordered removed to Russia on July 10, 2025, that there is no likelihood of removal to Russia because she had also been granted withholding of removal, and argued that her continued detention[1] is in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). By Amended Order dated January 23, 2026, the Court ordered Respondents to show cause why the Petition should not be granted. (Doc. 6). The Petition is now fully briefed. (Docs. 12, 13). For the reasons that follow, the Court will grant the Petition and order that Petitioner be released from custody.[2]

**I.     Legal Standard**

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v.*

---

[1] Petitioner was taken into ICE custody on May 14, 2024. (Doc. 1 at 2).

[2] Petitioner has also filed a Motion for Preliminary Injunction. (Doc. 14). Because the Court will grant the Petition, the Motion will be denied as moot.

*Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

## II.   Discussion

Here, Petitioner's removal order became final no later than August 10, 2025. 8 C.F.R. § 1241.1. Accordingly, as of the date of that Order, August 10, 2025, Petitioner has been detained beyond the "presumptively reasonable" period articulated in *Zadvydas*. Thus, to obtain relief Petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if he does so, Respondents "must respond with evidence sufficient to rebut that showing." *Id.*

The Court finds that Petitioner has satisfied her initial burden because she has been granted withholding of removal to Russia. (*See* Doc. 1 at 5). So, there is "good reason" to believe that there is no significant likelihood of her removal to Russia in the reasonably

foreseeable future. The burden now shifts to Respondents to rebut that showing "with evidence sufficient." 533 U.S. at 699.

Respondents have failed to do so. Respondents indicate only that on July 17, 2025, "ICE contacted ERO Removal and International Operations (RIO) headquarters to seek a third country for removal," have requested updates from ERO RIO on two subsequent occasions, *but has not received any response* from ERO RIO in the nearly eight months since their request was made. (Doc. 12-1 ¶¶ 7-9) (emphasis added). Respondents provide no evidence to support that a third country has even been identified as a possible location to remove Petitioner, or that a third country has even agreed to accept Petitioner. They have not put forth evidence that removal to a third country is significantly likely to occur in the reasonably foreseeable future. This is insufficient to discharge Respondents' burden under *Zadvydas*. On the record presented, no evidence supports that there is a significant likelihood that Petitioner will be removed from the United States in the reasonably foreseeable future. Accordingly, the Court will grant the Petition and order that she be immediately released from custody.

**IT IS THEREFORE ORDERED**:

(1)   Petitioner's Motion for Preliminary Injunction (Doc. 14) is **denied** as moot.

(2)   The Petition for Habeas Corpus (Doc. 1) is **granted**.

(3)   Respondents must **IMMEDIATELY RELEASE** Petitioner from custody.

(4)   Within **48 HOURS** of this Order, Respondents must file a Notice of Compliance.

(5)   The Clerk of Court must enter judgment accordingly and close this case.

Dated this 5th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge